TEMPLE GROVE SEMINARY, Respondent, v. LOUIS H. CRAMER, Receiver, etc., Appellant.

An incorporated academy, or seminary of learning, does not waive or forfeit the exemption from taxation given by the statute (1 R. S. 388, § 4, subd. 3), by leasing the building and premises used by it as a boarding-house during the usual summer vacation.

Assuming that the interest of the lessee is subject to assessment and taxation, a tax may not be imposed upon the premises on account of such interest after the estate of the lessee has expired.

Plaintiff, an incorporated seminary of learning, leased its school building and premises, at Saratoga Springs, to D. for a boarding-house during a summer vacation. The assessors of the town assessed the property to

D., and, after the expiration of the lease, a tax was levied thereon. The receiver of taxes for the town was proceeding to sell, under the act of 1880 (Chap. 68, Laws of 1880), which authorizes him to sell any real estate upon which taxes are unpaid. Whereupon plaintiff brought this action to restrain the sale, and to vacate and set aside the tax, as authorized by said act. On the trial, it was claimed by defendant that the assessment was void by reason of the indefiniteness of the description. The property was definitely described in the notice of sale. *Held*, that as, by the act, the receiver is directed to execute a conveyance to the purchaser, which is made (§ 8) presumptive evidence of regularity of all the proceedings, including the assessment, a grantee, under a sale, would not be required to show a regular assessment in order to recover the premises, and his deed would be a cloud on the title ; and that the action was maintainable.

(Argued December 18, 1884 ; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 10, 1882, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 26 Hun, 309.)

This action was brought by plaintiff to set aside and vacate a tax levied by the board of supervisors of Saratoga county, and to restrain a sale to collect the same.

The tax was against Charles T. Dowd, based, however, upon an assessment to him by the assessors of the town of Saratoga Springs, of certain real estate known as Temple Grove Seminary, which, as the court found, was owned and used by plaintiff for school purposes.

The court also found, in substance, that plaintiff is an incorporated academy or seminary of learning; that the school-year for 1879 closed in June, and the seminary was opened again in September; that the building on the premises was erected for the use of a seminary of learning. The property was leased by plaintiff, to Mr. Dowd, its principal, during the months of July and August, to be used as a boarding-house. The assessors of the town, in the assessment-roll for 1879, set down Mr. Dowd's name in the names of taxable inhabitants, and assessed him $13,335 on account of said real estate. In

November of that year the board of supervisors levied a tax of $194.69 on said assessment, and issued their warrant for the collection thereof to defendant, as receiver of taxes of said town. Defendant advertised said real estate for sale under the warrant, and threatened to sell and convey the same. .

Further facts appear in the opinion.

*A. Pond* for appellant. The lease to Charles M. Dowd, although for a term less than a year, was, in a legal contemplation, a lease for years. (Hill. on R. E. [4th ed.] 236, § 4 ; *Averill* v. *Taylor*, 4 Seld. 44.) The title and interest in the property thereby acquired by the tenant holding under such a lease is real estate, and the same is, therefore, subject to assessment and taxation as such under our statutes on that subject. (1 R. S. at Large, 360, §§ 1, 2 ; *Elmira* v. *Dunn*, 22 Barb. 402 ; *Clarkson* v. *Skidmore*, 46 N. Y. 297 ; *Lord* v. *Litchfield*, 36 Conn. 116 ; *People* v. *B'd of Assessors*, 93 N. Y. 308 ; *Laurent* v. *Muscatine*, 69 Iowa, 404 ; *Pierce* v. *Cambridge*, 2 Cush. 611 ; *Trustees* v. *Exeter*, 58 N. H. 306 ; *People* v. *Beardsley*, 52 Barb. 105 ; *People* v. *Cassidy*, 46 N. Y. 46 ; *Smith* v. *Mayor, etc.*, 68 id. 552 ; *People* v. *Com'rs, etc.*, 82 id. 459 ; *People* v. *B'd of Assessors*, 93 id. 308 ; 52 Barb. 108.) The right to exemption is personal only, and is lost by a conveyance of the property by the party entitled to it, to a stranger. (*Morgan* v. *Louisiana*, 3 Otto, 217 ; *Home of the Friendless* v. *Rouse*, 8 Wall. 436 ; *Lord* v. *Litchfield*, 36 Conn. 116 ; *McCormack* v. *P. R. R. Co.*, 80 N. Y. 353 ; *People* v. *Assessors*, 27 Hun, 559 ; 1 R. S. at Large, 360, §§ 1, 2 ; id., 363, § 9, subd. 2, 3 ; *People* v. *Com'rs*, 80 N. Y. 573 ; *People* v. *Beardsley*, 52 Barb. 105 ; *Pierce* v. *Cambridge*, 2 Cush. 611 ; *Elmira* v. *Dunn*, 22 Barb. 402 ; 2 Cush. 615.) The scheme adopted and practiced by the plaintiff in respect to this building, of using it in the school seasons for educational purposes, and renting it in the summer seasons as a hotel or boarding-house for private gain, stripped this property of its exempt character, if it would have had any otherwise, and made it subject to assessment and taxation under our statutes.

(*Trustees* v. *Exeter*, 58 N. H. 306; 38 id. 306; *Pro. of South Con.* v. *Lowell*, 1 Metc. 538; *Pierce* v. *Cambridge*, 2 Cush. 611; *Old South Soc.* v. *Boston*, 127 Mass. 378; *Trustees* v. *Wilbraham*, 99 id. 604; *Orr* v. *Baker*, 4 Ind. 86; *Trustees* v. *Ellis*, 38 id. 3; *Cook* v. *State*, 33 N. J. Law, 474; *State* v. *Axtell*, 41 id. 117; *State* v. *Elizabeth*, 28 id. 103; *Burrall* v. *B. R. R. Co.*, 75 N. Y. 211; *Buffalo City Com.* v. *Buffalo*, 46 N. Y. 508; *Otto* v. *Baker*, 4 Ind. 86; *Cin. College* v. *State*, 19 Ohio, 110; *Fort Des Moines Lodge, etc.* v. *Polk Co.*, 66 Iowa, 34; *Laurent* v. *Muscatine*, 69 N. Y. 404.) If the allegations of the complaint are true, the assessors, in assessing C. F. Dowd $13,335 for the land, made the assessment to a person who was neither the owner nor the occupant thereof, and the assessment was, therefore, wholly void, so far as creating any lien or cloud upon the land or plaintiff's title thereto, and hence no action will lie in plaintiff's favor to set the tax or assessment aside. (*Whitney* v. *Thomas*, 23 N. Y. 281; *Newell* v. *Wheeler*, 48 id. 486; *Marsh* v. *Brooklyn*, 59 id. 280, 286; *Townsend* v. *Mayor, etc.*, 77 id. 542; *Pink* v. *Barberie*, 17 Weekly Dig. 521; *Chapman* v. *Brooklyn*, 40 N. Y. 372; *Hanan* v. *Rochester*, 67 id. 528; *Lehman* v. *Roberts*, 86 id. 232; *Tucker* v. *Arnoux*, 76 id. 397; Laws of 1880, p. 174, § 8; p. 172, §§ 1, 2; *In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342.) Even if the taxes were a cloud upon plaintiff's title to the land, and plaintiff had a cause of action against the receiver to restrain its sale for such taxes, there was no cause of action against the town, the collector of State and county taxes is not the agent of the town in any way soever, nor is the town, in its corporate capacity, at all interested in the collection of the taxes, nor in the taxes when collected, as they do not go into its treasury. (*Lorillard* v. *Monroe*, 1 Kern. 395; *Gailor* v. *Herrick*, 42 Barb. 79; *People* v. *Assessors*, 74 N. Y. 310.)

*Charles S. Lester* for respondent. If the assessment was unauthorized upon general principles of equity, this action is maintainable. (*Scott* v. *Onderdonk*, 14 N. Y. 9; *Hatch* v. *City of Buffalo*, 38 id. 276; *Allen* v. *City of Buffalo*, 39 id.

386; *Free School* v. *Mayor, etc.*, 4 Hun, 446; *Masterson* v. *Mayor, etc.*, 55 Barb. 520; *Hassen* v. *City of Rochester*, 65 N. Y. 516; *R. Paper Co.* v. *O'Dougherty*, 81 id. 474; *Congregation Shaarai Tephila* v. *Mayor, etc.*, 53 How. 213; *Orphan Asylum* v. *Mayor, etc.*, 11 Hun, 116; *Rogers* v. *Sandy Hill*, 14 Weekly Dig. 45; *Crooke* v. *Andrews*, 40 N. Y. 547.) When the right to bring an action is conferred upon individuals by a statute, the right to maintain such action does not rest upon the general principles of equity jurisprudence. (*Metzer* v. *A. & A. R. R. Co.*, 79 N. Y. 171; *Hurlbut* v. *Banks*, 1 Abb. N. C. 175; *Ayres* v. *Lawrence*, 59 N. Y. 196; *Latham* v. *Richards*, 12 Hun, 361.) If a defect exists in the organization of the plaintiff, the State alone could take advantage of it. (*B. & Allegany R. R.* v. *Cary*, 26 N. Y. 75; *Doyle* v. *Peerless Pet. Co.*, 44 Barb. 239.) The court should limit and restrict the operation of a statute when its language, if applied in its literal sense, would lead to an absurdity or manifest injustice. (*People, ex rel. U. F. Ins. Co.*, v. *Davenport*, 91 N. Y. 585; *Hebrew O. Asylum* v. *Mayor, etc.*, 11 Hun, 118.) The fact that the property of the plaintiff was during the summer vacation used for a boarding-house does not destroy the right to exemption. (*People, ex rel. Academy of the S. H.*, v. *Com'rs of Taxes*, 6 Hun, 109.) The property being exempt the assessors had no jurisdiction to place it on the roll, and the supervisors had no jurisdiction to levy a tax upon it, and their acts are void. (*H. F. School* v. *Mayor, etc.*, 4 Hun, 446; *In re Protectory*, 77 N. Y. 342; *Nat. B'k of Chemung* v. *Elmira*, 53 id. 54; *Whitney* v. *Thomas*, 23 id. 281; *Dorn* v. *Fox*, 61 id. 269; *Prosser* v. *Secor*, 5 Barb. 607.) At the time the tax was levied the building and premises were used exclusively for school purposes and were occupied by the teachers and scholars. (*Washington Heights Church* v. *Mayor, etc.*, 20 Hun, 297; *Barlow* v. *St. Nicholas B'k*, 83 N. Y. 399.)

ANDREWS, J. We are of opinion that the judgment should be affirmed.

(1) Assuming, as is claimed by the counsel for the defendants, that the title and interest of Charles F. Dowd as lessee of the Temple Grove Seminary premises from July 1, to September 1, 1879, was subject to assessment and taxation, and that the property was properly included in the annual roll for that reason, yet this furnished no justification for the imposition of a tax upon the premises by the board of supervisors, on account of such title or interest, after the estate of the lessee had expired, provided the premises were exempt from taxation as against the plaintiff. It would be impracticable to tax the land on account of the interest of a lessee, and at the same time protect the owner of the fee in the enjoyment of the exemption, except in a case where the term of the lessee was outstanding when the tax was imposed, and the sale could take effect upon the lessee's interest in the unexpired term.

(2) We think the plaintiff did not waive or forfeit the exemption given by the statute (1 Rev. Stat. 388, § 4, subd. 3), by leasing the building and premises during the usual vacation period in the summer for a boarding-house. The policy of the exemption is the encouragement of learning. This policy is not subverted, but on the contrary is promoted by permitting the plaintiff to devote the premises to a profitable use during the summer months when they are not needed and cannot be used for the purposes of a school. If the premises should be left wholly vacant during this time, it is not pretended that the property could be taxed. By leasing the premises during the summer the corporation is enabled to increase its income applicable to the purposes of its creation. If the exemption from taxation enables it to obtain a larger net rental than could be obtained from ordinary property, it is an advantage to which it is entitled, and is consistent with the policy upon which the exemption is based.

(3) It is claimed that the assessment is void by reason of the generality and indefiniteness of the description of the property on the assessment-roll. It is, however, definitely described in the notice of sale, and the statute (Chap. 68, Laws of 1880) requires that the certificate of sale shall describe the real estate purchased, and that the tax receiver, when the time for re-

demption has expired, shall execute to the purchaser a conveyance of the property sold, and the eighth section of the act makes the conveyance " presumptive evidence that the sale and all the proceedings prior thereto, from and including the assessment of the lands, were regular." A grantee under the tax sale would not be required to show a regular assessment in order to recover the premises under his deed.

(4) The right to maintain an action to set aside an assessment and sale is given by the last clause in the eighth section of the act, which declares that " any person interested in property upon which any tax or assessment has been, or may be assessed or levied, may bring an action to vacate or set aside such tax or assessment, or any sale made by virtue thereof, and to enjoin or restrain the sale of any real or personal property, provided such action shall be brought within two years after written notice of such sale." The court found that the assessors assessed Charles F. Dowd the sum of $13,-335 for and on account of the real estate of the plaintiff, described in the complaint; that the board of supervisors levied a tax of $194.69, and issued their warrant for its collection; that the receiver of taxes in pursuance of the warrant and in accordance with the provisions of chapter 68 of the Laws of 1880, advertised the real estate for sale thereunder, and threatens to sell the premises and convey the same to the purchaser in the manner authorized by that act. This finding is not excepted to. Independently of the general rule governing the right to maintain an action to remove a cloud upon title, or to set aside an illegal assessment, we are of opinion that the statute, in connection with the facts, entitles the plaintiff to maintain this action. (See *Scott* v. *Onderdonk*, 14 N. Y. 9 ; *Metzger* v. *Attica and Arcade R. R. Co.*, 79 id. 171 ; *Rumsey* v. *City of Buffalo*, 97 id. 114.)

The questions are elaborately considered in the opinions below, and we deem it sufficient to state our concurrence in the result reached.

The judgment should be affirmed.

All concur.

Judgment affirmed.