*Collateral inheritance tax — exemption therefrom — the legatee must be absolutely and unqualifiedly exempt from general taxation.*

Vassar College was authorized, by chapter 2 of the Laws of 1861, to take, by gift or devise, real and personal estate, the annual income of which should not exceed $40,000, and, by chapter 39 of the Laws of 1862, the real and personal estate held by the college, to the extent that it was authorized to take the same by the act of 1861, was exempt from taxation.

Under the will of John Guy Vassar a bequest was given to the college.

*Held*, that such bequest was subject to the collateral inheritance tax provided for by chapter 483 of the Laws of 1885, as amended by chapter 713 of the Laws of 1887. (BARNARD, P. J., dissenting.)

That, in order to exempt a legatee from the collateral inheritance tax, under the last-mentioned statute, there must be an entire freedom from general taxation.

That as Vassar College, under chapter 39 of the Laws of 1862, was only exempt from general taxation upon the property which it was authorized to take and hold under the law of 1861, that it did not come within the provision of the collateral inheritance tax laws relating to the exemption of certain legatees from the operation of those laws.

APPEAL by Vassar College from an order or decision made by the surrogate of Dutchess county on the 1st day of July, 1890, purporting to affirm the order of said surrogate, made May 13, 1890, which order of May 13, 1890, held and decided that the said college was liable to a collateral inheritance tax of five per cent on the legacy given to it under the will of John Guy Vassar, deceased.

Also an appeal by Vassar Brothers' Hospital from the aforesaid orders of July 1, 1890, and May 13, 1890, assessing a tax upon the legacies bequeathed to Vassar Brothers' Hospital.

Also an appeal by Vassar Brothers' Home for Aged Men, in the city of Poughkeepsie, from the said orders of July 1, 1890, and May 13, 1890, assessing a tax upon the legacies bequeathed to Vassar Brothers' Home for Aged Men in the city of Poughkeepsie.

*Frank Hasbrouck*, for the executors of John Guy Vassar, deceased.

*Cyrus Swan* and *Robert E. Taylor*, for Vassar College, appellant.

*Allison Butts*, for Vassar Brothers' Hospital, appellant.

*John P. H. Tallman*, for Vassar Brothers' Home for Aged Men, appellant.

*Charles F. Tabor*, attorney-general, for the People, respondent.

*Wilkinson & Cossum*, for the county treasurer of Dutchess county, respondent.

DYKMAN, J.:

This is an appeal from a portion of the order of the surrogate of Dutchess county assessing a tax upon the legacies bequeathed to Vassar College, Vassar Brothers' Hospital and the Vassar Brothers' Home for Aged Men by the last will and testament of John Guy Vassar, deceased.

The legacy, under the same will, to the John Guy Vassar Orphan Asylum was exempted from taxation by the surrogate, and there is no appeal from that portion of the order.

All property which now passes by will, or by the intestate laws of this State, from any person who died seized or possessed of the same while a resident of this State, to any person or persons, or to any body politic or corporate other than to or for the use of the societies, corporations and institutions now exempted by law from taxation, is subject to a tax of five dollars on every hundred dollars of the value of such property. Such are the provisions of section 1 of chapter 713 of the Laws of 1887, amending chapter 483 of the Laws of 1885.

The statute under consideration is new, but, so far as it has received judicial construction, the tendency has been to hold that the societies, corporations and institutions, exempted from the operation of the act to tax gifts, legacies and collateral inheritances, are those bodies only which enjoy complete immunity from taxation as to all their property.

There must be an entire freedom from general taxation to entitle such institutions to exemption from taxation under this statute, and as none of the appellants are entirely exempt it follows that they are not within the exception to the general operation of the act. Partial relief from taxation is insufficient.

Our conclusion is, that the legacies are subject to the operation of the statute, and the order appealed from should be affirmed, with costs, to be paid from the estate, to the respondent.

PRATT, J., concurred.

BARNARD, P. J. (dissenting):

Vassar College by its charter was authorized to take real and personal estate by gift or devise, the annual income of which should not exceed $40,000. (Laws of 1861, chap. 2.) By chapter 39 Laws of 1862, the real and personal estate to the extent it is authorized to hold the same was exempted from taxation. This is not a limited exemption. The college can take the bequest and be within the limit it is authorized to take, and then the exemption is general as to this bequest. The record shows that as to these proceedings the

college can take the bequest and still have only an income under $40,000 annually. As to the hospital the evidence shows that to be exempt from the collateral tax. It has a lot and buildings where the sick are cared for. The land so occupied and all its personal property is exempted from taxation by chapter 298, Laws of 1882. The gift under this will is wholly of personal property. The exemption as to personal property is absolute, and it is not the less absolute in respect thereto because it might hold land subject to taxation because it was not used for the purpose of a hospital.

The "Home for Aged Men" is also exempt. It is an alms-house. The mere fact that it charges a sum to a portion of those who feed at its table and enjoy the shelter of its roof does not destroy its character as a pure public charity. (*Northampton Company* v. *Lafayette College*, 46 Leg. Intel., 423; *City of Philadelphia* v. *Pennsylvania Hospital*, 47 Leg. Intel., Feb. 14, 1890, page 70; *Temple Grove Seminary* v. *Cramer*, 98 N. Y., 121.)

All of its property is used in the lines of the charitable purpose of its incorporation, and the ultimate test of its character must be the result of its work as a whole. (*People ex rel. Female Academy*, etc. v. *Commissioners of Taxes*, 64 N. Y., 656; *People ex rel. Seminary*, etc., v. *Assessors*, 42 Hun, 27; *Betts* v. *Betts*, 4 Abb. N. C., 317.)

The order should, therefore, be reversed, with costs.

Decree of surrogate affirmed, with costs out of estate.