## *In re* Tuigg's Estate.

*(Surrogate's Court, New York County.   July, 1891.)*

1. LEGACY TAX—WHAT SUBJECT TO—NOTE OF LEGATEE.
   Where a bequest of the residue of testator's estate includes a note made by the legatee, the amount of such note is subject to the legacy tax.

2. SAME—UNITED STATES BONDS.
   A bequest of United States bonds, which are exempt from state taxes, is subject to the legacy tax.

3. SAME—FOREIGN CHARITABLE CORPORATIONS.
   A bequest to a foreign corporation is subject to the legacy tax, though such corporation is exempt from taxation in the state of its *habitat*, as a charitable institution.   *Catlin* v. *Trustees*, 113 N. Y. 133, 20 N. E. Rep. 864, and *In re McCoskey's Estate*, 1 N. Y. Supp. 782, followed.

Proceedings to appraise for taxation the estate of Edwin P. Tuigg.

*Abbett & Schmitt*, for residuary legatee.   *Richard O. Gorman, Jr.*, for executor.

RANSOM, S.   By the will of testator his residuary estate was bequeathed to the mother superior of the Sisters of Charity at Pittsburgh, Pa.   This bequest included a note for $7,000 made by the mother superior, which, with interest, amounted, at the date of the appraiser's report, to $7,233.33.   It is claimed by the counsel for the residuary legatee that as to this sum the legatee is exempt from tax, on the ground that the note has no market value, inasmuch as the testator, by his will, forgave and extinguished the debt.   It is also claimed that the note has no market value, inasmuch as it had no legal inception, and, if sued upon, no recovery could be had thereon.   In *Tyson's Appeal*, 10 Pa. St. 220, the will of testatrix recited that her brother-in-law was indebted to her on a bond, with interest thereon, and that, in case he should make no charge or demand against her estate for board or for services rendered to her during her life-time, then she bequeathed to him the said principal debt or sum, with interest, and directed the cancellation and delivery to him of the bond.   The court held that the legacy was subject to the tax.   In the opinion of the court in this case there is no discussion, but simply a statement of the conclusion reached.   The note in the case at bar represents a debt due by the legatee to the testator, and the executors could be compelled to include it in their inventory as an asset of the estate.   If testator died insolvent, creditors might pursue the maker on this obligation.   The legatee must either accept the benefit provided in the will under the condition of assuming with it the burden imposed by law, or he may reject the same.   If he elects to reject the legacy provided by the will, the legacy would go as in case of intestacy, forming, as it does, a part of the residuary estate, and following the rule where a portion of the residuary bequest is void.   In that event there can be no doubt that the next of kin could sue upon the note.   The appraiser properly reported this portion of the residuary estate as subject to the tax.

It is also claimed in behalf of the residuary legatees that $13,000 par value United States bonds included in the residuum are not taxable.   It has been frequently held by courts of competent jurisdiction that United States bonds are taxable under this act.   *Estate of Howard*, 5 Dem. Sur. 483; *Wallace* v. *Myers*, 38 Fed. Rep. 184; *Estate of Van Kleeck*, 121 N. Y. 701, 25 N. E. Rep. 50.   In *Strode* v. *Com.*, 52 Pa. St. 181, the executor, in the settlement with the residuary legatees, transferred to them specific United States bonds at the time at which they were appraised; and the question was whether, under the laws of the United States and of the state of Pennsylvania, the said bonds were liable to the collateral inheritance tax.   WOODWARD, C. J., in rendering the opinion of the court, said: "The simple question is whether our collateral inheritance tax is applicable to that part of the testator's estate which consisted of bonds of the United States that were by law exempted from state taxation, and the opinion of the learned judge below is so satisfactory as to leave very little for us to add.   The mistake of the learned coun-

sel for the plaintiff in error consists, we conceive, in treating this as a tax of the government bonds, when it is really a tax upon the decedent's estate, dying without lineal heirs; and it does not help the argument that the bulk of the estate is made up of these bonds, for that estate passed into the hands of the executor for administration, and is taxed in his hands as an estate.    The law takes every estate of decedents into custody, and administers it for the benefit of creditors, legatees, devisees, and heirs, and delivers the residue that remains, after discharging all obligations, to the distributees entitled to receive it.    One of the legal obligations to which every estate that is to go to collateral kindred is subject is this 5 per cent. duty to the commonwealth, and it is not until this work of administration is performed that the right of succession attaches.    The distributees may, indeed, consent to accept certain goods and chattels *in specie*, without conversion, as is frequently done in the settlement of estates, but such arrangement in no way affects the theory of the law that the estate is first to be administered and then enjoyed.    Now, this 5 per cent. tax is one of the conditions of administration, and to deny the right of the state to impose it is to deny the right of the state to regulate the administration of decedents' goods.    If an estate consisted wholly of federal bonds, and is indebted, conversion of them into money is necessary to pay the debts, and nobody would doubt that the sum that remained after the payment of debts would be subject to a deduction of 5 per cent. for the use of the state.    But suppose the federal bonds be used to pay the only indebtedness that exists, and a residue of estate remains for distributees, is it not to pay the collateral inheritance tax?    Clearly, it must, though it may be less than the aggregate of the bonds.    The act operates on the residue of the estate after paying debts and charges, and, theoretically, that residue is always a balance in money.    The administration account always exhibits a balance in cash, not in specific goods, whether bonds or horses; and, though an heir may take bonds or horses as cash, the account must show, and always does show, a cash balance.    That is the fund taxed by this law, and not bonds or other chattels that may have produced the fund.    Therefore neither the prohibition of the act of congress of 1862, nor any of the other principles of decision against the state authority to tax that which the federal authority has exempted from federal taxation, have any application here.    The federal government has not prohibited states from prescribing rules of inheritance and succession of estates of decedents, and it would be a grievous mistake of legislative and judicial authority to apply it with such effect."    This opinion of Judge WOODWARD, which is quoted above, is quoted largely in the opinion of Judge ROLLINS in the *Howard Case, supra.*    It was held in a Pennsylvania case, (*Com.* v. *Herman,* 16 Wkly. Notes Cas. 210,) that state bonds "exempt from taxation for all state purposes," etc., are, nevertheless, liable to collateral inheritance tax as a part of decedent's estate.    The collateral inheritance tax is not a tax on property, but on the right of succession.    The line of reasoning pursued by the chief justice in *Strode* v. *Com., supra,* is the same as the other cases cited, and there can be no doubt that the argument is sound.    The report of the appraiser that the portion of the residuary estate consisting of United States bonds is taxable under the act must be confirmed.    The general claim is made by the counsel for the residuary legatee that the legatee is exempted because it is a charitable institution.    Affidavits were filed before the appraiser showing that the residuary legatee is engaged in benevolent and charitable works, visiting the sick, assisting the poor, and teaching the poor children; that they give free instruction to over 5,000 children; and that neither the children nor their parents are required to pay anything for instruction, and it is absolutely free.    The sisters receive no compensation whatever from any source for visiting the sick and assisting the poor, and they make no charge therefor.    Counsel relies chiefly upon the *Vassar Case,* 12 N. Y. Supp. 203, but the claim is without foundation.    Even

conceding that it was proved before the appraiser that it is such a society, corporation, or institution as is exempt under the laws of Pennsylvania, (which is not the case,) it is sufficient here to refer to *Catlin* v. *Trustees*, 113 N. Y. 133, 20 N. E. Rep. 864, and *In re McCoskey's Estate*, 1 N. Y. Supp. 782, which hold that a foreign society, corporation, or institution is not entitled to the benefit of the exemption, even though exempt under the law of its organization and origin. The report of the appraiser should be confirmed.