PEOPLE ex rel. ADELPHI COLLEGE v. WELLS et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. TAXATION—EXEMPTIONS—ATHLETIC GROUND OF COLLEGE—RENTING DURING VACATIONS.

Under Laws 1896, p. 797, c. 908, § 4 (7), exempting from taxation the real property of a corporation organized exclusively for educational purposes, and "used exclusively" for carrying out thereon one or more of such purposes, the athletic field of a college, being rented during vacations, is not exempt.

Appeal from Special Term, Kings County.

Certiorari on the relation of Adelphi College against James L. Wells and others, constituting the board of taxes and assessments of the city of New York, to review taxation. From an order dismissing the writ, relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John A. Taylor, for appellant.
George S. Coleman, for respondents.

WILLARD BARTLETT, J. The question in this case is whether its "Players' Field," a piece of property in the borough of Brooklyn, principally used by the relator for athletic exercises on the part of its students, is exempt from taxation under the provisions of the tax law, which exempts the real property of a corporation organized exclusively for educational purposes and used exclusively for carrying out thereupon one or more of such purposes. Laws 1896, p. 797, c. 908, § 4, subd. 7. The portions of the statute material to be considered upon the present appeal are as follows:

"(7) The real property of a corporation or association organized exclusively for * * * educational * * * purposes, and used exclusively for carrying out thereupon one or more of such purposes, * * *. The real property of any such corporation not so used exclusively for carrying out thereupon one or more of such purposes, but leased or otherwise used for other purposes shall not be so exempt; but if a portion only of any lot or building of any such corporation or association is used exclusively for carrying out thereupon one or more of such purposes of any such corporation or association, then such lot or building shall be so exempt only to the extent of the value of the portion so used, and the remaining portion of such lot or building to the extent of the value of such remaining portion shall be subject to taxation."

---

¶ 1. See Taxation, vol. 45, Cent. Dig. § 398.

The property in question was purchased by the relator in 1894 for $54,400, a mortgage being given for $40,000 of the purchase money. The field was then created and fenced, and a small grand stand was built thereon, containing lockers, dressing rooms, etc. The property was then placed and remained under the control and management of the professor of athletics in Adelphi College, and the students of that institution participate in athletic exercises there every day in the week during term time, when the weather permits. In the vacation season, however, the field is let out to various athletic associations or organizations entirely unconnected with Adelphi College for games of ball or practice games in which the Adelphi College students take no part whatever. The care taker employed by the relator is permitted to make a charge against these parties for this use of the field, and the receipts are by him turned over to the college authorities. The evidence showed that these receipts amounted in 1897–98 to $179.85, in 1898–99 to $82.75, in 1899–00 to $198, in 1900–01 to $251.89, in 1901–02 to $246, and in 1902–03 to $320.16. It may be assumed that the use of real property for the cultivation of athletics is an educational purpose under the tax law, and that the Players' Field of Adelphi College would be entitled to exemption from taxation if it were exclusively used for athletic games or other exercises by the students of that institution, either alone or in contests with athletes belonging to outside organizations. Here, however, it appears that the property is utilized as a source of pecuniary income by renting it to outside parties for contests in which the Adelphi College students do not participate, and over which the college officers have no control. I am unable to see how such use can be regarded as exclusively for carrying out an educational purpose, within the meaning and intent of the statute.

The appellant relies chiefly upon the case of Temple Grove Seminary v. Cramer, 98 N. Y. 121, and the Matter of the Vassar Will, 127 N. Y. 1, 27 N. E. 394. In the first of these cases it was held that an exemption from taxation of premises used as an incorporated academy was not lost by leasing them as a boarding house during the summer vacation; and that case was cited with approval in the Matter of the Vassar Will, supra. It is to be observed, however, that both the cases cited arose under the Revised Statutes, which differed materially from the present tax law in not prescribing an exclusive use as a condition of exemption, the provision which was construed in these cases being that "every building erected for the use of a college, incorporated academy or other seminary of learning, and in actual use for either of such purposes, shall be exempt from taxation." 1 Rev. St. (1st Ed.) p. 388, pt. 1, c. 13, tit. 1, § 4, subd. 3. A liberal construction of the language quoted permitted the result which was reached in each of those cases. The language of the present tax law, however, is quite different, and evinces, it seems to me, an intent to restrict the exemption to a greater extent than was permitted under the Revised Statutes. This was the view taken by the Appellate Division in the Third department in the cases of the People ex rel. Young Men's Association v. Sayles, 32 App. Div. 197, 53 N. Y. Supp. 67, and the People ex rel. Catholic Union v. Sayles, 32 App. Div. 203, 53 N. Y. Supp. 65, in which the opinions were written by Mr. Justice Landon, and were adopted by the Court of Ap-

peals in affirming the orders appealed from. 157 N. Y. 677, 679, 51 N. E. 1092, 1093. Referring to the Temple Grove Seminary Case and other decisions to the same effect, Judge Landon remarks that they arose under the Revised Statutes and special statutes, while the tax law prescribes exclusive use as the main test of exemption, and then guards by further provisions against the relaxation of that test. It seems to me that the effect of the affirmance of these two Third department decisions by the Court of Appeals upon the opinions below clearly sustains the action of the court at Special Term in the present case in refusing to hold that the relator had established an exclusive use of its athletic field for educational purposes which entitled it to exemption under the tax law now in force.

I think the order appealed from should be affirmed.

Order dismissing writ of certiorari affirmed, with $10 costs and disbursements. All concur.