■ HARVEY SCHOOL, Plaintiff, v. TOWN OF BEDFORD, Defendant.— Submission of a controversy on an agreed statement of facts (CPLR 3222) to determine whether plaintiff's ice skating rink qualifies for an exemption from taxation pursuant to section 420 of the Real Property Tax Law. Judgment directed for plaintiff, with costs. It being agreed that plaintiff is a nonprofit educational corporation, the only issue presented is whether the property in question (an ice skating rink and related facilities) is "used exclusively" for educational purposes (Real Property Tax Law, § 420). In our opinion, the primary use of the property is clearly educational and it is therefore totally exempt from taxation (see *Greater N. Y. Corp. of Seventh-Day Adventists* v. *Town of Dover,* 29 A D 2d 861, app. dsmd. 23 N Y 2d 682). The fact that plaintiff also permits certain individuals, such as parents of students, alumni, parents of alumni, and certain residents of the Bedford Area with "outstanding" skating backgrounds, to use the rink during nonschool hours for a fee (to defray maintenance costs) does not destroy the exemption (*Temple Grove Seminary* v. *Cramer,* 98 N. Y. 121). Even if such use be noneducational, it is clearly incidental to the primary use of providing for the physical education and welfare of plaintiff's students (see *People ex rel. Watchtower Bible & Tract Soc.* v. *Haring,* 8 N Y 2d 350; but see *Young Women's Christian Assn.* v. *City of New York,* 217 App. Div. 406, affd. 245 N. Y. 562; *People ex rel. Adelphi College* v. *Wells,* 97 App. Div. 312, affd. 180 N. Y. 534). Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.

■ In the Matter of the Estate of ESTHER BERNSTEIN, Also Known as ESTHER CYMROT, Deceased. MINNIE LULOFF, as Executrix of ESTHER BERNSTEIN, Deceased, Respondent; BENJAMIN CYMROT, Appellant.— Order of the Surrogate's Court, Kings County, dated August 6, 1968, affirmed, with $10 costs and disbursements payable by appellant personally. No opinion. We are once again constrained to admonish counsel that they must give citations to official reports in their briefs, unless the official reports do not contain the cases cited. Hopkins, Acting P. J., Munder, Martuscello, Kleinfeld and Benjamin, JJ., concur.

■ In the Matter of NORMAN R. CATLETT, as Director of Annex of Boys' TRAINING SCHOOLS, GOSHEN, Appellant, v. CHARLES SCHINITSKY, as Law Guardian, on Behalf of GREGORY W. (an Infant), Respondent.— Order of the Family Court, Kings County, dated January 5, 1970, affirmed, without costs. Our affirmance is, of course, without prejudice to a transfer of the infant pursuant to sections 427-a and 427-b of the Social Services Law. Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.