··THE PEOPLE OF THE STATE OF NEW YORK ᴇх ʀᴇʟ. THE SOCIETY OF THE NEW YORK HOSPITAL, Aᴘᴘᴇʟ-ʟᴀɴᴛ *v.* ELIJAH PURDY ᴀɴᴅ Oᴛʜᴇʀѕ, ASSESSORS OF THE TOWN OF WHITE PLAINS, Rᴇѕᴘᴏɴᴅᴇɴᴛѕ.

*Exemption from taxation — the New York Hospital.*

The New York Hospital was exempted, by chapter 466 of the Laws of 1875, from taxation upon its real and personal property in the city of New York, if no income was derived from it, and if the same was used exclusively for the purposes for which the hospital was created.   This exemption was extended, under the provisions of chapter 462 of the Laws of 1889, to property of the hospital "wherever situated."   The hospital had a farm in Westchester county, the products of which were used for the purposes of the hospital, except some insignificant quantities thereof, which were sold and the proceeds applied to the support of the inmates.

*Held,* that the farm was exempt from taxation, and that the sale of the few insignificant products thereof was not to be deemed a source of income.

That the hospital did not lose its right to exemption because it charged certain of the inmates who were able to pay.

Aᴘᴘᴇᴀʟ by the Society of the New York Hospital from an order ·dismissing a writ of *certiorari*, entered in the office of the clerk of the county of Westchester on the 13th day of August, 1890.

The writ of *certiorari* was issued to the Board of Assessors of the Town of White Plains to review their action and proceedings in the assessment of certain real estate of the relator in the town and ·village of White Plains upon the assessment-rolls for the year 1889.

*Martin J. Keogh*, for the appellant.

*L. W. & W. P. Platt*, for the respondents.

BARNARD, P. J.:

By chapter 466, Laws of 1875, the real and personal property of the relator in the city and county of New York was made exempt from taxation if no income was derived from it, and if the same was used exclusively for the purpose for which the relator was chartered.

By chapter 462, Laws of 1889, this exemption was extended to property "wherever situated," but under the same terms and conditions. The hospital has a farm of land in Westchester county exclusively used for the charter purposes of the society. The farm is not self-supporting, and food is sent from New York for the use of the patients beyond the products of the farm, and the farm supplies the New York Hospital with vegetables. There are occasionally sales made of certain insignificant articles of produce, such as cabbage, pigs and male calves, the proceeds from which have been applied to the support of the inmates of the hospital buildings on the farm. The sole question is whether this is income within the meaning of the statute. The exemption as to money corporations, depending on "profits or income," was held not to apply where there were receipts, although the receipts were less than the expenses. (*People* v. *Supervisors of Niagara County*, 4 Hill, 20.) The words "profit or income" are said by the court to be frequently used synonymously, but "net income profits" and "clear income" are also used in the statute. The court decided the case, however, on what was deemed a legislative intent in the use of the words "profit or income." A later section of the act was deemed to exclude "net profit" or "clear income" as inapplicable to the case. The case of the *People ex rel. Commercial Insurance Company* v. *Supervisor of New York* (18 Wend., 605) held that, as to moneyed and manufacturing corporations deriving an income on their capital, the exemption classed under the words "profits or incomes" included any incomes, though less than the expenses. The present case is very different. The hospital is not a stock company, but a charitable one. The buildings in the city of New York are exempted by law from taxation, and by this amendment the exemption is extended to lands elsewhere. The farm is used solely for the purposes of the charity. The

cost of raising the produce exceeds the value of the product, and it is almost entirely used in the institution of the hospital. The case is very analogous to *Betts* v. *Betts* (4 Abb. N. C., 317) , where it was held that the sale of a few simple articles manufactured by the blind inmates of an institution for the blind was not to be deemed a source of income. The evidence in this case shows that all the proceeds of the farm go to the support of the relator's patients, and this result determines the character of the income, received from the farm, as a whole, and not from a few sales of property which could not be advantageously used by relator. If the hospital had permitted this property to be wasted, no exemption would be waived or forfeited. (*Temple Grove Seminary* v. *Cramer*, 98 N. Y., 121.)

The hospital does not waive its exemption because it charges some people who are able to pay. Whether this fact makes the hospital other than a public charity, and thus subjects its buildings in New York, and the farm as well, to taxation, is fully discussed and decided in *City of Philadelphia* v. *Pennsylvania Hospital* (47 Legal Intel., 70, Feb. 14, 1890). The case shows that all its income from property and donations is used for the purpose of the charity, and the money received from pay patients is wholly applied to the support and attendance on those who cannot pay. The hospital is at present quite heavily in debt and has to meet the wants of many thousands of applicants every year. There is a large excess of disbursements over receipts for board of patients in 1888, amounting to $128,994.50.

The order should, therefore, be reversed, and judgment given that the farm is exempt from taxation, with ten dollars costs and disbursements on appeal.

DYKMAN, J., concurred.

Judgment reversed and order made that the Westchester farm is exempt from taxation, with ten dollars costs and disbursements of appeal.