In the Matter of the Application of the SYRACUSE YOUNG MEN'S CHRISTIAN ASSOCIATION to Set Aside Certain Assessments of the City of Syracuse.

Supreme Court, Onondaga County, October 31, 1925.

**Taxation — exemption — assessments against property of Syracuse Young Men's Christian Association — said association is corporation organized exclusively for mental and moral improvement of men and for religious, benevolent and educational purposes within meaning of Tax Law, § 4, subd. 7 — " Men's Building " used exclusively for benevolent and educational purposes is exempt from taxation — right to exemption not forfeited by lease to city of Syracuse at annual rental of $5,000 for use of day-time vocational classes — sale of excess electric current to city, generated in said building, does not destroy exemption — " Boys' Building " used exclusively for purposes of association with exception of stores on ground floor not wholly exempt — assessment predicated on proportionate amount of total valuation of said building proper within meaning of Tax Law, § 4, subd. 7 — assessment against " Men's Building " vacated and that against " Boys' Building " reduced.**

The Syracuse Young Men's Christian Association is a corporation organized exclusively for the mental and moral improvement of men, and for religious, Bible, charitable, benevolent and educational purposes, and real property owned by it and used exclusively for carrying out thereupon one or more of such purposes, is exempt from taxation under subdivision 7 of section 4 of the Tax Law.

Accordingly, a building situated in the city of Syracuse known as the " Men's Building," erected upon a donated site by funds raised by popular subscription and used exclusively for the purposes of the association and containing locker rooms, swimming pools, machine shop, auditorium, dining room, coat rooms, pool and billiard rooms, gymnasium, education and lecture rooms, is being used for charitable, benevolent and educational purposes and is, therefore, exempt from taxation.  The fact that the lunch room makes a charge for food, and small fees are charged for educational facilities, neither of which activities are profitable, does not deprive the association of the tax exemption.  The fact that the association receives the sum of $5,000 per year from the city of Syracuse as rental of certain rooms in said building, which are used also by the association for educational purposes, does not work a forfeiture of the right of tax exemption.  The sale to the city of Syracuse of excess electric current from a lighting plant operated in said building does not take away the tax exemption, since there is nothing to show that the electrical installation is any greater than reasonable business foresight would suggest.

However, a building owned by said association and known as the " Boys' Building " which is used exclusively for the purposes of the association with the exception that stores on the ground floor are rented for an income, is not in the class of wholly exempt property, since it is not exclusively used for the charitable, benevolent and educational purposes of the association within the meaning of subdivision 7 of section 4 of the Tax Law.  Under such circumstances, the city of Syracuse is entitled to levy an assessment against said

building predicated upon the valuation of the part of the building used for store purposes, as provided by subdivision 7 of section 4 of the Tax Law. But the assessment against the " Men's Building " must be vacated and set aside.

Motion to confirm report of referee and for final order on application to set aside assessments against Syracuse Young Men's Christian Association.

*William H. Harding,* for the petitioner.

*Frank J. Cregg, Corporation Counsel (Henry E. Wilson* of counsel), for the respondents.

Cheney, J.   The petitioner is a corporation organized exclusively for the mental and moral improvement of men, and for religious, Bible, charitable, benevolent and educational purposes. It conducts such work along the same lines as do other Young Men's Christian Associations throughout the country. For the proper carrying on of its work it has certain real property in the city of Syracuse, extending from Montgomery street to Warren street, which was assessed for taxation purposes in 1925 by the assessors of the city of Syracuse in two parcels, one on the main building on Montgomery street, in $319,550, and the " Boys' Building," in the rear on Warren street, in $169,300. In making this assessment no exemption whatever was allowed, the assessment being for the full value of the property.

Petitioner duly filed objections to the assessment, and appeared before the assessors on grievance day, and requested the correction of the assessment and the allowance of the exemption provided by law, but that relief was denied. Petitioner then commenced this proceeding, pursuant to section 2 of chapter 75 of the Laws of 1906, as added by chapter 304 of the Laws of 1923, to review and vacate said assessments. Upon the return of the order to show cause, a referee was appointed to take proof of the facts and report to the court. The matter is now before the court for determination upon the original papers and the proof and the findings of the referee as to the facts.

The respondents do not claim that under ordinary circumstances the property of the petitioner would not be exempt from taxation. Such a claim, if made, would be untenable. The statute provides that the real property of a corporation organized exclusively, among others, for the mental and moral improvement of men, and for religious, Bible, charitable, benevolent and educational purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more such purposes, shall be exempt from taxation. (Tax Law, § 4, subd. 7, as amd. by Laws of 1924, chap. 489.) It has been held that a young men's christian associa-

tion is not a religious society, as that term is used in the Tax Law. (*Young Men's Christian Assn.* v. *Mayor, etc., of New York*, 113 N. Y. 187.) It has also been held that such an association is an educational corporation, within the meaning of the Tax Law. (*Matter of Moses*, 138 App. Div. 525.)

The respondents claim that the property is not exclusively used for carrying out thereupon one or more of the purposes of the corporation, and for that reason is not entitled to the exemption. Notwithstanding the general rule that tax exemption statutes should be strictly construed in determining the question as to whether the property is used for benevolent and charitable purposes, the policy of the law should be considered and should have great weight. (*Matter of Moses*, 138 App. Div. 525.) The policy has been expressed in *Matter of Huntington* (168 N. Y. 399, 407), as follows: " The organized charities and benevolent agencies which actually relieve human misery and labor in unselfish devotion to improve the moral and physical condition of mankind, are alike the fruits and aids of good government, and to exempt their property — usually the gifts of the benevolent — from the burdens of taxation is scarcely less the duty than the privilege of the enlightened legislator. Clearly this exemption should be placed upon broad, equitable grounds, quite above the injurious imputations sometimes resulting from individual or special exemptions."

The Montgomery street building is known as the " Men's Building." It was erected upon a donated site by funds raised by popular subscription. In the basement are locker rooms, bowling alleys, swimming pool, Turkish bathroom, machine shop, boiler room and power room. The locker room and swimming pool are used by young men in connection with the physical training of men, and the machine shop is used as part of the educational department maintained by petitioner. The ground floor of the building contains the office, lobby, the association auditorium, dining room, special exercise room and coat rooms. The lobby is supplied with music, papers and periodicals, and free writing materials. It is open to any young man who cares to come and spend his time in clean and wholesome surroundings. The lunch room makes a charge for food, but not enough to pay the cost thereof, and has never made a profit. The auditorium is used for the religious meetings of the association. It is occasionally used by other religious organizations, who pay therefor only a sufficient amount to cover the expense of lighting, heating and moving of chairs, and not to produce a revenue. The special exercise room is used in connection with the physicial development department of petitioner.

28

The second floor contains pool and billiard rooms and gymnasium, certain offices used by the executive staff of the association, and educational and lecture rooms used in connection with the educational department, which also occupies the entire third floor. The educational rooms are used by the petitioner to conduct an evening school for workingmen who are past school age, to improve their minds and to learn useful occupations. A small fee is charged to those taking advantage of these educational facilities, but not sufficient to pay the expense of maintenance. This fact does not deprive the association of the tax exemption. (*Matter of Mary Immaculate School of Eagle Park*, 188 App. Div. 5; *People ex rel. Board of Trustees of Mt. Pleasant Academy* v. *Mezger*, 98 id. 237.) The gymnasium, special exercise room, swimming pool and locker rooms are used for general physical training, and to develop and maintain healthful conditions among men amid wholesome surroundings. Their use does not affect the tax exemption. (*People ex rel. Adelphi College* v. *Wells*, 97 App. Div. 312; *People ex rel. Board of Trustees of Mt. Pleasant Academy* v. *Mezger*, 98 id. 237.)

The fourth, fifth and sixth floors are used for dormitories, exclusively by members of the association. They are intended for the use of young men coming to the city from out of town, or by young men without homes in the city, temporarily, at small cost, while suitable living quarters elsewhere may be searched for.

It is plainly apparent from the foregoing facts that the petitioner is organized exclusively for charitable, benevolent and educational purposes, and that the property is exclusively used for one or more of said purposes, and is, therefore, exempt from taxation. (*Webster Apartments* v. *City of New York*, 118 Misc. 91; affd., 206 App. Div. 749; *National Navy Club of New York* v. *City of New York*, 122 Misc. 89.)

Attention is called to the fact that the association, in the year 1923, permitted the city of Syracuse to use the rooms of the educational department in the daytime, while not in use for the regular educational work being carried on therein, for the purpose of taking care of the excess of pupils in the Vocational High School maintained by the city, and since that time those rooms have been used in the daytime by the city for educational purposes, and there has been maintained therein one of the schools of the city educational department. This use by the city has not interfered with their use by the association for educational purposes as before, and for this use the city has paid the sum of $5,000 per year, which has been applied to the general purposes of the association, lessening to that extent the annual deficit, which is taken care of each year by public benefactors. This it is claimed forfeits the right to tax exemption.

This has been decided otherwise. (*Temple Grove Seminary* v. *Cramer*, 98 N. Y. 121; *People ex rel. Board of Trustees of Mt. Pleasant Academy* v. *Mezger*, 98 App. Div. 237.)

The association maintains in this building a heating and electric lighting plant, and the claim is made that the tax exemption has been lost, for the reason that the association sells to the city excess current from this lighting plant for the purpose of lighting the library building of the city, situated across the street. It does not appear that the electrical installation is any greater than reasonable business foresight would suggest, and the incidental sale of a small amount of surplus power does not change the character of the use of the property, so as to take away the tax exemption. (*People ex rel. Interborough Rapid Transit Co.* v. *O'Donnel*, 202 N. Y. 313; *People ex rel. New York Hospital* v. *Purdy*, 58 Hun, 386; *Matter of Syracuse University*, 124 Misc. 788.)

The Warren street property is known as the " Boys' Building." The basement of this building is occupied by locker and bathrooms, swimming pool and gymnasium, all of which are exclusively used for the physical training and development of boys under eighteen years of age. On the first floor are two stores and a barber shop, which are rented for an income, and the remainder of this floor is the upper part of the gymnasium. The entire second floor is occupied by offices, game rooms and parlors for the boys, where they are permitted to meet at any time, hold religious meetings and committee meetings, and engage in innocent games amid wholesome surroundings. The third, fourth and fifth floors are occupied as dormitories of the same character as those in the Montgomery street building. With the exception of the stores and barber shop, the uses made of this building, under the authorities cited with reference to similar uses of the other building, do not subject it to taxation.

The occupancy of this building and the renting of this part of it for stores and barber shop removes it from the class of wholly exempt property, for it is not " exclusively used " for the charitable, benevolent and educational purposes of petitioner. However, the statute further provides (Tax Law, § 4, subd. 7, as amd. by Laws of 1924, chap. 489): " if a portion only of any lot or building of any such corporation or association is used exclusively for carrying out thereupon one or more such purposes of any such corporation or association, then such lot or building shall be so exempt only to the extent of the value of the portion so used, and the remaining or other portion, to the extent of the value of such remaining or other portion, shall be subject to taxation."

The referee has found that the proportionate amount of the total

valuation of this building and land to the two stores and barber shop located on the ground floor is $19,775, and no question is made here as to the correctness of those figures.

An order may be entered vacating and setting aside the assessment on the Montgomery street building, and reducing the assessment on the Warren street building to $19,775, with costs of this proceeding to the petitioner.