The People of the State of New York ex rel. Unity Congregational Society of the City of New York, Relator, against William W. Mills et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, April 9, 1947.

William E. Vogel for relator.

Charles E. Murphy, Corporation Counsel (Randolph J. Hernandez of counsel), for respondents.

Schreiber, J. Relator, a religious corporation, the owner .of church property located in the borough of Manhattan, denied exemption from taxation of its property, seeks a review of that determination.

Circumstances having changed, relator abandoned its use of the property as a place of worship. In 1942, the parent body of relator leased the property for a term of three years, at a graduated rental of $1,600, $1,700 and $1,800 per year, to an unrelated religious corporation which covenanted and has since used the premises exclusively for religious purposes.

However laudable and socially desirable the use of the property may be, exemption from taxation may not be had at the hands of the court unless the statute authorizes such exemption. All property being generally taxable, exemption from taxation is the exception and the burden is on the claimant to show that the statute clearly, indisputably and unambiguously grants exemption. The party claiming exemption must be able to point out the provision giving the exemption (People ex rel. Sav. Bk. of N. London v. Coleman, 135 N. Y. 231). Property of an exempt corporation is not exempt from taxation where it is held as an investment only, even though the income be used for a cor-

porate purpose (*Pratt Institute* v. *City of New York*, 183 N. Y. 151, 156; *People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245; *People ex rel. Young Men's Assn.* v. *Sayles*, 32 App. Div. 197, affd. 157 N. Y. 677).

The statute (Tax Law, § 4, subd. 6) provides: "The following property shall be exempt from taxation: * * * 6. The real property of a corporation or association organized exclusively for the moral or mental improvement of men and women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, public playground, scientific, literary, bar association, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes. * * * "

Relator urges that the statute should be reasonably construed, that the property although not used by the owner, religious corporation, is in fact being used for religious purposes.

The fact that the property is being used for religious purposes, rather than for one of the other purposes for which the statute extends exemption, is immaterial; for if its contention be sound, relator would be equally entitled to exemption had it leased the property, for example, for " * * * public playground, scientific, literary, bar association, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes * * *."

The construction contended for by the relator is thus extremely broad. Between that broad construction and the narrower construction urged by the city, there would seem little room for choice.

"Exemptions from taxation are not favored and are to be strictly construed. They will not be sustained unless such clearly appears to have been the intent of the Legislature. An exemption from taxation must be expressed in clear and unambiguous language, and appear to be indisputably within the intention of the Legislature." (*People ex rel. Andrews* v. *Cameron*, 140 App. Div. 76, 80, affd. 200 N. Y. 585.)

The cases cited by relator have been examined and found clearly distinguishable. The only case to which attention has been called which is pertinent here, *People ex rel. Sephardic Jewish Community of New York* v. *Mills* (Sup. Ct., New York Co., Dec. 18, 1945, STEUER, J.) exemption, under similar circumstances, was denied.

Accordingly the proceeding is dismissed, without costs.

**Settle order.**