**UNITED STATES v. CITY OF NEW YORK.**

No. 231, Docket 21291.

United States Court of Appeals
Second Circuit.

May 27, 1949.

A. Devitt Vanech, Washington, D. C., Harry T. Dolan, Brooklyn, N.Y., Roger P. Marquis and John C. Harrington, Washington, D. C., for United States.

John P. McGrath, New York City (William F. Murphy, Benj. A. Hartstein, Nathaniel L. Goldstein, Albany, N. Y., Morris Handel and Ira Wollison, New York City, of counsel), for City of New York.

Before L. HAND, SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

In United States v. Woodworth, 2 Cir., 170 F.2d 1019, we held that 28 U.S.C.A. § 1341 does not bar a suit in the federal courts by the United States to obtain an injunction against the collection of a state or city tax. Accordingly, the district court had jurisdiction of the subject matter. As the United States could have instituted a separate suit seeking the relief sought by its petition, we treat the filing of that petition as such a suit. True, in such a suit, it would have been necessary to serve the City. But the City, already a party to the condemnation proceedings, did not object, in the district court, to lack of new service upon it. Consequently, that court had jurisdiction of the "person" of the City.

However, the existence of jurisdiction is not enough. Whether the tax is valid is by no means clear under the state-court decisions.[1] The question of the validity of a state or municipal tax is one which the state courts are peculiarly fitted to answer and which, therefore, a federal court should not consider.[2] See Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447; Stratton v. St. Louis, etc. Ry. Co., 284 U.S. 530, 52 S.Ct. 222, 76 L.Ed. 465; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Meredith v. Winter Haven, 320 U.S. 228, at page 235, 64 S.Ct. 7, 88 L. Ed. 9.

It is not denied by the United States that, after the levy of the taxes, a wholly adequate remedy was open to it, directly or through Lebanon, in the state courts. Whether, because of delay, that remedy is not now available is not material, for the United States should never have sought relief in a federal court.

For the foregoing reasons, we reverse the order of August 26, 1948, and direct the dismissal of the petition.

---

[1] See Pratt Institute v. New York, 183 N.Y. 151, 75 N.E. 1119, 5 Ann.Cas. 198; People ex rel. Unity Congregational Society v. Mills, 189 Misc. 774, 71 N.Y.S. 2d 873; Matter of Syracuse Young Men's Christian Association, 126 Misc. 431, 213 N.Y.S. 35; Congregation Emanu-El v. City of New York, 150 Misc. 657, 270 N.Y.S. 6, affirmed 243 App.Div. 692, 277 N.Y.S. 955.

[2] The situation would be different, if the state courts had previously answered that question unequivocally.