THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE FRICK COLLECTION, Relator, against HARRY B. CHAMBERS et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, July 12, 1949.

*John Henry Hammond* and *Harry H. Chambers* for relator.

*John P. McGrath, Corporation Counsel (Randolph J. Hernandez* of counsel), for respondents.

SCHREIBER, J. Relator, The Frick Collection, the owner of premises No. 7 East 70th Street, Borough of Manhattan, City of New York, denied exemption from taxation of its property, seeks a review of that determination.

Relator was incorporated by a special act of the Legislature of the State of New York under which act it was classified as an educational corporation (L. 1920, ch. 356).

The act of the Legislature stated the relator's objects and purposes as follows: " § 3. The purposes and objects of said corporation are, under the said last will and testament and here-

under, to receive, maintain, perpetuate and add to, in the City of New York and in and upon the premises devised to it in and by said last will and testament, the collection of books, pictures, paintings, engravings, porcelains, enamels, bronzes, statuary, rugs, tapestries, carpets, curtains, antique or artistic furniture and furnishings, bric-a-brac and other works of art, and other articles of personal property bequeathed to said corporation by said last will and testament; to establish, maintain and add to, a gallery of art in and upon the said premises; to encourage and develop the study of the fine arts and to advance the general knowledge of kindred subjects, and generally to fulfill the objects and purposes of said testator as set forth and expressed in said last will and testament. Such gallery of art shall be for the use and benefit of all persons whomsoever, to the end that the same shall be a public gallery of art to which the entire public shall forever have access, subject only to reasonable rules and regulations to be from time to time established by the said corporation."

The Frick Collection, for many years last past, has maintained a public gallery of art at Nos. 1 and 3 East 70th Street. The public has free access to the gallery and to the Sunday afternoon concerts given there.

The works of art, collections of books, pictures, paintings, etc., and $15,000,000 were bequeathed to The Frick Collection by the late Henry C. Frick.

It is not disputed that the relator's real properties, Nos. 1 and 3, have been held to be exempt from taxation for many years.

Because of the large attendance at the before-named premises, the relator deemed it necessary to expand its facilities, and, accordingly, purchased the land and building at No. 7 East 70th Street. It is the intention of relator to demolish the building and erect a structure suitable for the purposes for which it was incorporated.

Because of the high cost of building, the trustees decided to postpone the new building project and in the meantime to rent the property.

A written lease was entered into with the Asia Institute, an educational corporation duly chartered by the Board of Regents of the University of the State of New York.

It thus appears that the real property here involved is owned by a nonprofit educational corporation and is leased to a nonprofit educational corporation at a rental of $12,000 per annum for a term of five years and is being used exclusively for educational purposes.

It is apparent that any real property owned by either the relator or lessee and used by either for its own purposes would be exempt from taxation.

On January 25, 1948, the taxable status date, the applicable portion of the statute (Tax Law, art. 1, § 4, subd. 6) read as follows:

" The following property shall be exempt from taxation: 6. The real property of a corporation or association organized exclusively for the moral or mental improvement of men and women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, public playground, scientific, literary, bar association, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes."

To entitle the relator to the exemption it is necessary for it to show that the property is used exclusively for carrying out thereupon one or more of the purposes of *its incorporation* (*People ex rel. Young Men's Assn.* v. *Sayles,* 32 App. Div. 197, affd. 157 N. Y. 677; *Pratt Institute* v. *City of New York,* 183 N. Y. 151). The fact that the property is used for educational purposes rather than one of the other purposes for which the statute extends exemption is immaterial. It must be used for one of the purposes for which the relator was incorporated to earn the exemption.

Relator urges that the statute should be reasonably construed; that the property, although not used by the owner, an educational corporation, is being used for educational purposes and is, therefore, exempt from taxation.

However laudable and desirable the use of the property may be, exemption from taxation may not be had at the hands of the court unless the statute authorizes such exemption.

All property being generally taxable, exemption from taxation is the exception and the burden is on the claimant to show that the statute clearly, indisputably and unambiguously grants exemption.

The party claiming exemption must be able to point out the provisions giving the exemption (*People ex rel. Savings Bank* v. *Coleman,* 135 N. Y. 231).

Property of an exempt corporation is not exempt from taxation where it is held as an investment only, even though the income be used for a corporate purpose (*Pratt Institute* v. *City of New York, supra; People ex rel. Mizpah Lodge No. 518* v.

*Burke,* 228 N. Y. 245; *People ex rel. Young Men's Assn. v. Sayles, supra*).

In *People ex rel. Andrews* v. *Cameron* (140 App. Div. 76, 80, affd. 200 N. Y. 585), the court said: " Exemptions from taxation are not favored and are to be strictly construed. They will not be sustained unless such clearly appears to have been the intent of the Legislature. An exemption from taxation must be expressed in clear and unambiguous language, and appear to be indisputably within the intention of the Legislature."

The proceeding is dismissed, without costs.

Settle order.