Eugene L. Brisach, Off. Ref.
The petitioner herein, Pace College, an educational institution, is seeldng total exemption from taxation, for the tax year 1955-1956, on premises it owns and occupies for its purposes at No. 41 Park Row, Manhattan, city of New York, designated as Block 101, Lot 2. Total exemp *388 tion is sought under the provisions of subdivision 6 of section 4 of the Tax Law which reads, in part as follows: “The real property of a corporation or association organized exclusively for the moral or mental improvement of men and women, or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, public playground, scientific, literary, bar association, library, patriotic, historical or cemetery purposes, for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or by another such corporation ”,
The petitioner is a domestic corporation organized under the Education Law of the State of New York, and as such is entitled to tax exemption under the statute. The issue presented to the court is whether under the evidence produced the petitioner is entitled to total or partial exemption. The greater part of the property involved is used exclusively for the purposes for which it was incorporated.
The evidence produced shows that the petitioner acquired the premises above described and on which exemption is sought, on July 2, 1951. Total tax exemption was granted to the petitioner by the State Tax Commission under the pertinent provisions of the Tax Law.
Subsequent to its acquisition and occupancy of the premises the petitioner contracted with another corporation for the operation by the latter of a cafeteria in certain space in petitioner’s premises. Under the terms of this contract the petitioner received 50% of the profits flowing from the operation of this cafeteria. This agreement terminated on January 1, 1955. Heretofore petitioner had never maintained, in any fashion whatsoever, except as above stated, dining accommodations for its students.
On January 1,1955 it entered into an oral agreement with one Horn & Hardart Company whereby it permitted the Horn & Hardart Company to use the same space in petitioner’s premises for the operation of the afore-mentioned cafeteria. The terms of this agreement are somewhat uncertain. The petitioner relies on the testimony of its witnesses produced at the hearing and from a letter dated December 3,1954 from the petitioner to Horn & Hardart Co.
This evidence authorized Horn & Hardart Co. to take over the management of petitioner’s cafeteria; the arrangement was to continue for ‘ ‘ five or six months on an entirely informal basis Horn & Hardart Co. was to assume “ general responsi *389 bility ” over the cafeteria and dining area “ including general maintenance and bussing ’ ’; the cafeteria was to be open on weekdays from 8:00 a.m. to 8:00 p.h. and on Saturdays from 8:00 a.m. to 1:00 p.m ; Horn & Hardart Co., was to assume full responsibility for garbage disposal and liability insurance; fix prices and quality; was to have full control over its own employees; had keys to the cafeteria area and to the storage closets; could exclude students from the enclosed cafeteria area; and that its food and utensils remained in the cafeteria at all times.
There is also evidence that no remuneration of any kind was to be paid by one party to the agreement to the other; that no third party could use the space; that the arrangement contemplated the use by Horn & Hardart Co. of whatever space was necessary to furnish food to petitioner’s students and that attempts were made to exclude the general public.
It is conceded that Horn & Hardart Co. is not an exempt corporation under the law; that it is a corporation organized for profit; that it made a profit operating the cafeteria in the petitioner’s premises and that it was entitled, under its agreement, to receive and retain whatever profits it made.
The evidence fairly indicates that the arrangement of the parties constitutes a license or privilege for the use of the space at will.
The petitioner has, in the past, enjoyed total exemption, including exemption for the tax year 1955-1956, as appeared from an inspection of the assessment rolls for that year when they were opened on January 1, 1955. Subsequently, however, and on or about March 2, 1955, the petitioner was advised that the granting of total exemption had been modified and that that portion of petitioner’s space used by Horn & Hardart Co. had been assessed at $50,000. It is this partial assessment that petitioner protests and seeks to have reviewed by this court.
Strict compliance with the provisions of the statute in a situation of this nature, must be made. On the petitioner rests the burden of showing that the property is being used exclusively ‘6 by the owning corporation or by another such corporation ’ ’ for carrying out thereupon one or more of the purposes for which the corporations were organized. If the court finds substantial compliance with such use it may relax the rigid applicable rule (People ex rel. Young Men’s Assn. v. Sayles, 32 App. Div. 197, affd. 157 N. Y. 677; Pratt Inst. v. City of New York, 183 N. Y. 151; People ex rel. The Frick Collection v. Chambers, 196 Misc. 1026, affd. 276 App. Div. 891). The uniform rule has long been observed by our courts, which have firmly established a policy of requiring all persons and property to bear a just share of the *390 expenses of government. This is just and equitable. As the court stated in the case of Matter of Board of Educ, of City of Jamestown v. Baker (241 App. Div. 574, 575-576, affd. 266 N. Y. 636):11 An exemption from taxation is in the nature of a renunciation of sovereignty. It relieves one class of persons or property from its obligation to bear its share of the expenses of government, no matter how deserving of assistance that class may be, and throws a correspondingly heavier burden upon all other classes, thus creating an inequality of taxation. It is for this reason that the courts have uniformly refused to favor exemptions, and have invariably construed statutes freeing property from the burden of enforced contribution to the expense of maintaining the government most rigidly against the claimant, and have declined to countenance such immunity unless the language of the statute is clear and unambiguous, and unless the purpose of the Legislature to exempt such property indisputably appears ”.
The imposition of taxation is an attribute of sovereignty and any grant of immunity to property, otherwise taxable, must be construed strietissime juris. The facts relied upon to obtain such immunity must be clear and beyond any reasonable doubt. The legislative intent may never be presumed. It must be expressed in language so clear as to admit of no ambiguity. The exemption must be granted in plain terms that cannot be mistaken. Any doubt must be resolved in favor of the taxing power (County of Herkimer v. Village of Herkimer, 251 App. Div. 126; Matter of Board of Educ. of City of Jamestown v. Baker, supra). Exemption from taxation is the exception to the strict general rule and the petitioner must prove its right by clear and convincing proof.
It is the exclusive use of the real estate for carrying out thereupon one or more of the purposes of the incorporation of the petitioner or another such corporation, which confers the right of exemption and not any benefits accruing to it or them or others from the use of the property. The evidence of the conceded use of the space of petitioner above outlined, is sufficient to deprive petitioner of any right of exemption (People ex rel. Adelphi Coll. v. Wells, 97 App. Div. 312, affd. 180 N. Y. 534; People ex rel. Young Men's Assn. v. Eagles, 32 App. Div. 197, supra).
There is no dispute that petitioner is organized for purposes that entitle it to exemption under the law. The petitioner’s property or a certain portion of it was used by another corporation. This second corporation was not entitled to exemption and indeed makes no claim for exemption. It is the use, *391 however, that is significant. A careful study of subdivision 6 of section 4 of the Tax Law fails to disclose any grant of exemption to property which is used or occupied by a profit-making corporation. Exemption may be granted only to property owned and used by an exempt corporation. In the case of People ex rel. Unity Congregational Soc. of City of N. Y. v. Mills (189 Misc. 774) the court held that the use by another corporation, even though organized for similar purposes deprived the property of exemption. Indeed, the Tax Law was subsequently amended (L. 1948, ch, 622) to make it unmistakably clear that only property used by the exempt owner corporation or another exempt corporation was entitled to exemption. Horn & Hardart Co. concededly is not an exempt corporation. The record, moreover, amply supports the conclusion that the place in question was occupied and used by a nonexempt corporation despite the petitioner’s inferences to the contrary.
The petitioner, however, proved no unusual or emergent circumstances, nor does the record disclose any reason for the court to overlook the actual use. Any right to exemption is lost if the petitioner’s property is used, even partially, by a nonexempt corporation. The undisputed facts lead to the conclusion that the assessors properly partially assessed it as taxable.
The petition seeking full and total tax exemption is accordingly dismissed.