Froessel, J.
(dissenting). We dissent and vote to affirm for the reasons hereinafter stated. Subdivision 6 of section 4 of the Tax Law provides that ‘ ‘ The real property of a corporation * * * organized exclusively for * * * educational * * * purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or by another such corporation” shall be exempt from taxation (emphasis supplied). The language of the statute thus unmistakably imposes two conditions upon the exemption of property owned by an exempt corporation. First, the property must be used exclusively for the exempt purpose, and secondly it must be used in such manner by an exempt corporation.
Although the operation of a part of the premises in question as a cafeteria for the limited use of students and faculty is within the permissible range of uses for an educational purpose, there still remains the crucial question of whether the property is being used by an exempt corporation. It is undis *535 puted that Horn & Hardart was providing all the personnel and assuming responsibility for supplying the food, for garbage disposal, and for liability insurance in the cafeteria; its employees kept the food serving area clean, and they brought in certain of their equipment on the premises.
The assessed value of the premises in suit is $1,200,000. As a result of the arrangement the college has made with Horn & Hardart, the city has taxed Pace College on an assessment of $50,000 only, but continued the exemption of the remaining assessed valuation of $1,150,000. The question of whether Pace College is entitled to a total exemption, as it claims, or of that amount less $50,000, as the city claims, does not turn on whether the college receives a benefit from the operation of the cafeteria by Horn & Hardart. This was the test explicitly rejected by the court in such cases as People ex rel. Young Men’s Assn. v. Sayles (32 App. Div. 197, affd. 157 N. Y. 677). Bather, we must here face the issue as to whether we may vary plain statutory provisions to reach a result we may prefer to reach.
We might note that the particular language of the statute requiring that the property be used exclusively by exempt corporations was before the Legislature when it amended subdivision 6 of section 4 in 1948. A number of lower courts had held that if an exempt corporation allowed its property to be used by another exempt corporation, it lost its right of exemption (People ex rel. Frick Collection v. Chambers, 196 Misc. 1026, affd. 276 App. Div. 891; People ex rel. Unity Cong. Soc. v. Mills, 189 Misc. 774). Having these cases in mind (see 1948 Legis. Ann., pp. 291-293), an amendment was proposed and adopted to permit the exempt owner to retain the exemption where the property is used by another exempt corporation. The Legislative Annual note pointed out that the courts and the Tax Department required that the exempt corporation itself use the property to retain the exemption. With this before them, the Legislature retained the requirement that the property be exclusively used by an exempt corporation.
The lower courts found that the property here was not so used, and the record supports that finding. If we now permit exemption to that part of the premises operated by Horn *536 & Hardart for a profit, we are amending the statute. It may-well be more convenient for Pace College in this instance to permit a nonexempt corporation to run its business for a profit upon its own exempt premises, but to allow the exemption in that case flies squarely in the face of the tax exemption statute and will definitely change the law of this State. Only the Legislature may do this, as they did in 1948 in the instance hereinbefore referred to.
The judgment should be affirmed.
Judges Desmond, Dye, Fuld and Burke concur with Judge Van Voorhis; Judge Froessel dissents in an opinion in which Chief Judge Conway concurs.
Order reversed and petition granted, with costs in all courts.