THE PEOPLE OF THE STATE OF NEW YORK ex rel. WATCHTOWER BIBLE AND TRACT SOCIETY, INC., Appellant, against PERCY H. HARING et al., Constituting the Board of Assessors of Taxes of the Town of Lansing, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WATCHTOWER BIBLE AND TRACT SOCIETY, INC., Appellant, against CARLETON D. KINTZ et al., Constituting the Board of Assessors of Taxes of the Town of Lansing, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., Appellant, against CARLETON D. KINTZ et al., Constituting the Board of Assessors of Taxes of the Town of Lansing, Respondents.

Third Department, March 29, 1960.

*Hayden C. Covington* for appellant.

*Armand L. Adams* and *Charles H. Newman* for respondents.

*Per Curiam.* This is an appeal from a judgment of the Supreme Court, Tompkins County, entered on a decision of a Special Referee which dismissed the relator's petitions in proceedings to review its tax assessments for the years 1954, 1955 and 1956.

The relator is a membership corporation organized in 1909 for general religious purposes such as the dissemination of Bible Truths, missionary work, instruction of men and women and providing gratuitous housing and boarding for students, lecturers, teachers and ministers. It is the governing body of Jehovah's Witnesses in the United States with its headquarters located in Brooklyn. The relator also operates a large printing plant in Brooklyn at which it prints the religious literature which it distributes throughout the world. The people who perform the printing and the administrative work are known as the Bethel Family. The property here involved, known as Kingdom Farm, is located in the Town of Lansing in Tompkins County and upon it the relator conducts a large-scale modern farming operation. Also located there is Gilead Bible School but the buildings pertaining to this school were given an exemption and are not here involved. The primary purpose of this farm is to produce food for the Bethel Family in Brooklyn and it appears that over 50% of the farm's production was shipped directly to Brooklyn. The remainder was used to feed the students and teachers at the Gilead School, large gathering of Witnesses at the school and workers on the farm in addition to which sales of certain surplus and by-products were made to the public. The members of the Bethel Family who perform the printing are paid $14 per month and a yearly clothing allowance in addition to their room and board. Although the evidence indicates that some of the literature printed in Brooklyn is bought by Witnesses for 1 cent and resold for 5 cents it was not demonstrated that any of these people make an unreasonable profit. The evidence did show that the relator's net worth

increased over one million dollars in each of the years here involved. The Referee found that the property was not exclusively used for an exempt purpose in that the sales of surplus were more than incidental and that the printing and publishing activities were purely a business undertaking. He found that the relator had not sustained its burden of proof in establishing its right to an exemption and accordingly dismissed the petitions. The tax status of this petitioner has been previously litigated. (See *People ex rel. Watchtower Bible & Tract Soc. v. Mastin,* 191 Misc. 899.)

Subdivision 6 of section 4 of the Tax Law provides for an exemption for " The real property of a corporation or association organized exclusively for * * * religious, bible, tract * * * purposes, and used exclusively for carrying out thereupon one or more of such purposes * * * ". Even assuming, as contended by the relator, that the sales to the public from the farm·are only incidental and that its printing operation is an exempt purpose the assessment on the property here involved must nevertheless be sustained, Under the terms of the statute the property must be used exclusively for carrying out *thereupon* one or more of the exempt purposes. Since the primary purpose of the farm is admittedly the production of food for consumption in Brooklyn it was therefore incumbent upon the relator to demonstrate that the growing of the food itself was an exempt purpose and this it has not done. The relator relies on cases involving religious and educational organizations in which an exemption was given for land used to grow food for students, teachers, members and employees of the organizations (e.g., *People ex rel. Blackburn* v. *Barton,* 63 App. Div. 581; *People ex rel. Missionary Sisters* v. *Reilly,* 85 App. Div. 71, affd. 178 N. Y. 609; *People ex rel. Seminary of Our Lady of Angels* v. *Barber,* 42 Hun 27, affd. 106 N. Y. 669). In these cases, however, the land used to produce the food was the land upon which the institution was located and the exemption was based on such use being necessary for the maintenance and purposes of the institution with the institution constituting the exempt purpose. Here we are dealing with the use of land for the production of food for workers engaged in an alleged exempt purpose but one which is far removed from the property involved. It is conceded by the relator that it has the burden of proof in establishing its right to an exemption and that the statute is strictly construed against those seeking an exemption. Although the printing operation in Brooklyn may be considered an exempt purpose it would stretch the statute too far to extend this exemption to the land here involved. Only

one case cited by relator involved land separated from the institution and there a special statute was involved which exempted the hospital's property " wherever situated " (*People ex rel. Society of N. Y. Hosp.* v. *Purdy,* 58 Hun 386, 387, affd. 126 N. Y. 679). Thus since the production of food in itself is not an exempt purpose and since the food produced here is for consumption at a place removed from the property so that it cannot be considered necessary for the maintenance of an exempt purpose carried out thereon it cannot be held that this property is used exclusively for carrying out thereupon an exempt purpose.

The judgment should be affirmed, without costs.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur; COON, J., taking no part.

Judgment affirmed, without costs.