Gabrielli, J.
(dissenting). I respectfully dissent. This is an action brought by the Sisters of St. Joseph, a religious and charitable organization, seeking a declaration that certain real property owned by the order and used for charitable purposes by another charitable organization is entitled to an exemption from real property taxation pursuant to section 421 of the Real Property Tax Law. The property was leased to Catholic Charities of the Diocese of Brooklyn, another charitable organization, for use as a senior citizens’ center, plainly a charitable use. No rent is charged Catholic Charities by the *443 Sisters of St. Joseph. Catholic Charities, in turn, has leased the property to Builders for the Family and Youth of the Diocese of Brooklyn, which is also a charitable organization and which is to actually operate the senior citizens’ center. That lease requires Catholic Charities to make certain modifications to the building so as to make it suitable for use as a senior citizens’ center. In return, Builders is required to pay Catholic Charities a rental intended to reimburse Catholic Charities for the cost of the renovations and for leasehold amortization. Today, the majority of this court holds that this payment renders the property subject to taxation. I disagree and vote to sustain the determination made by both the Appellate Division and Supreme Court that the property is exempt.
Section 421 (subd 1, par [a]) of the Real Property Tax Law provides in pertinent part as follows: "Real property owned by a corporation or association organized or conducted exclusively for religious [or] charitable * * * purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section” (emphasis added). The other subdivisions of section 421 establish certain additional criteria for determining whether a particular piece of property is exempt from taxation. The property which is the subject of the instant litigation clearly meets all requirements for an exemption except, according to a majority of this court, those provided by subdivision 2 of section 421. Subdivision 2 begins by declaring that "[i]f any portion of such real property is not so used exclusively to carry out thereupon one or more of such purposes but is leased or otherwise used for other purposes, such portion shall be subject to taxation” (emphasis added). The subdivision then goes on to list certain situations in which even property which is so used may be exempt from taxation. The courts below have concluded that subdivision 2 is inapplicable to this property since it is used by a charitable organization for charitable purposes, and is neither leased for other purposes nor otherwise used for other purposes. For obvious and eminently sound legal reasons, I agree. Dispositive of this case is the phrase "leased or otherwise used for other purposes”, since property which may not be so described is entitled to an exemption pursuant to subdivision 1 if it *444 meets the other statutory requirements, as does this property. It is only property which is "leased or otherwise used for other purposes” which may not be entitled to the exemption if it falls within the ambit of subdivision 1 (emphasis added). The majority of this court would interpret that phrase as if it excluded property which is "leased for any purpose, including an exempt purpose, or otherwise used for other purposes”. I cannot concur in the decision to add to the statutory language a concept which has not been placed therein by the Legislature. As it is, the statute refers to land which is leased for some other (i.e., nonexempt) purpose or which is otherwise used for some other (i.e., nonexempt) purpose. Such is the plain meaning of the statutory language, and I deem it an improper exercise of judicial authority to go beyond that clear language. Since this property is not leased for a nonexempt purpose, but rather is leased to an exempt organization for an exempt purpose, I agree with both courts below that it is entitled to an exemption.
Nor do I find the authority cited by the majority to be relevant to the interpretation of this statute. The cases cited by the majority refer to an earlier version of the statute which contained quite different language. Thus, the statute interpreted in both People ex rel. Unity Cong. Soc. of City of N. Y. v Mills (189 Misc 774) and People ex rel. Frick Collection v Chambers (196 Misc 1026, affd 276 App Div 891), unlike section 421, provided no exemption whatsoever for leased property. Hence, those cases can shed no light upon the present statutory language. Especially is this so since the present language is so very unambiguous. Similarly, I find the majority’s references to legislative history somewhat puzzling, both because such a tool of statutory interpretation is useful only when the statutory language is unclear and because the legislative history does not speak specifically to the type of situation we are confronted with today.
There exists, moreover, an alternative rationale for concluding that this property is exempted from real property taxation by section 421. Even were I to agree that subdivision 2 precludes an exemption for property rented at a profit by the exempt owner of that property to another exempt organization for an exempt purpose, that subdivision would still be inapplicable in the instant case since here the owner of the property, the Sisters of St. Joseph, does not receive any rental *445 for the use of the property, much less a rental that exceeds "the carrying, maintenance and depreciation charges of the property” (Real Property Tax Law, § 421, subd 2). Rather, any profit, if indeed any profit is contained in this rental, is to be received not by the owner of the property and the association now subject to taxation, but rather by Catholic Charities, the sublessor. Clearly, the language of the statute simply does not bar an exemption unless a profitable rent is received by the owner-lessor of the property, even assuming that the majority’s interpretation of the first clause of subdivision 2 is correct. The majority seeks to avoid this result by characterizing it as a loophole (p 441), but in so doing is itself rewriting the statute to plug up what it believes to be a loophole. I do not find this reasoning persuasive, since it is quite reasonable to assume that even if the Legislature desired to tax the charitable owner of property who actually receives a profit because of the rental of that property to another charitable organization for a charitable purpose, it did not wish to so tax an owner who in fact receives no profit from the rental. Since such an interpretation is supported by the clear language of the statute, the subdivision should be so applied by the court.
Quite apart from the legal infirmity of the holding by the majority in this case, the decision reached today does grave injustice to the plaintiff organization which has devoted its resources and energies solely for charitable purposes, as have the two other charitable organizations herein involved. It is most unfortunate that the consequences of the majority’s determination may well portend serious inroads on the status justifiably enjoyed by charitable and religious organizations of all faiths.
Accordingly, I vote to affirm the order appealed from.
Chief Judge Cooke and Judges Jones, Wachtler and Fuchsberg concur with Judge Jasen; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Meyer concurs.
Order modified, with costs to appellants, and the case remitted to Supreme Court, Kings County, for a hearing in accordance with the opinion herein and, as so modified, affirmed.